Link v. Jackson.

IVAN LINK, Appellant, v. J. W. JACKSON et al., Respondents.

Springfield Court of Appeals, June 3, 1912.

1. **BILLS AND NOTES: Fraud: Sufficiency of Evidence.** In an action on a promissory note defendants alleged that the note had been given as the purchase price of a horse, the sale of which had been procured through fraud. The plaintiff claimed to be an innocent purchaser of the note. The evidence is examined and *held* sufficient to establish the fraud.

2. ———: ———: Innocent Purchaser: Burden of Proof: Instructions. In an action on a promissory note where the defense is fraud and plaintiff claims to be an innocent purchaser and the evidence is sufficient to establish the fraud, the burden is upon the plaintiff to show that he purchased the note for value before ·maturity and without notice of the fraud, and an instruction is properly refused, which impliedly places the burden upon the defendant to prove notice of the fraud on the part of the plaintiff at the time he purchased the note.

3. FRAUD: Pleading: Proof: Instructions. A party basing an action or defense upon fraud cannot plead it in general terms, but must allege the facts upon which he relies as constituting fraud. He must then prove his case as he has pleaded it and the instructions should follow the proof.

4. INSTRUCTIONS: Fraud: Failure to Define: Harmless Error: Self-Invited Error. An instruction is assailed on the ground that the word "fraud" is not defined, but the error is *held* harmless because the evidence of fraud was not contradicted and if believed by the jury is so conclusive that it is apparent that the jury could not have been misled by the Instructions. *Held, further,* that the instructions asked and given on the part of the appellant were open to the same objection and that he therefore cannot complain.

5. FRAUD: Belief: Knowledge. If fraud exists and a party has such knowledge of it as to cause him to believe that it exists and he acts upon that belief, the result is the same as if he had actual knowledge of the fraud and acted upon that.

6. ———: ———: ———: Suspicion: Bills and Notes. Where the defense in an action on a promissory note is that the note was procured by fraud but plaintiff claims to be an innocent purchaser, *held,* that if the note was procured by fraud then knowledge of facts bearing on that question which go no farther than to arouse suspicion are not sufficient. But when the impression made upon the mind by knowledge of facts relating to such fraud passes from the realm of suspicion and grows to belief, it then becomes knowledge.

7. ———: ———: ———. Knowledge of fraud to bind a party is knowledge of such facts, as would cause a reasonably prudent man to believe in the existence of the fraud.

8. ———: ———: ———. Where a party actually believes in the existence of fraud at the time he purchases the note, then it is immaterial how meager the facts may be which induce that belief.

9. **INSTRUCTIONS: Fraud: Knowledge: Definition: Bills and Notes.** In an action on a promissory note where plaintiff claims to be an innocent purchaser of the note that defendants allege was procured by fraud, an instruction which defined the word "knowledge" was *held* warranted under the facts in this case, but as a general rule the better practice would be not to undertake to define the word "knowledge" in an instruction.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Lamar, Lamar & Lamar* for appellant.

(1) Instruction 2 given for the defendants is wrong, misleading, is without evidence upon which to base it and is in direct conflict with the opinion of this court in the former appeal of this cause. Link v. Jackson, 139 S. W. 597. (2) It is true that the fact of knowledge may be shown by proof of facts and circumstances, but under the authorities, nothing short of actual knowledge on the part of the plaintiff would defeat his right to recover. 7 Cyc. 944; Hamilton v. Marks, 63 Mo. 167; Dickey v. Adler, 143 Mo. App. 332; Reeves v. Letts, 143 Mo. App. 199; Hayes v. Blaker, 138 Mo. App. 29; Bank v. Leeper, 121 Mo. App. 694; Bank v. Hammond, 104 Mo. App. 403; Jennings v. Todd, 118 Mo. 304; Mayes v. Robinson, 93 Mo. 122; Bank v. Hatcher, 134 Am. St. 498; Bank v. Hutler, 83 S. W. (Tenn.) 657; Cheever v. Railroad, 150 N. Y. 50, 55 Am. St. 646; Bank v. Morgan, 44 Am. St. 654; Kitchen v. Laudenback, 48 Oh. St. 177, 29 Am. St. 544; Swift v. Smith, 102 U. S. 442, 26 L. Ed. 193. (3) What is such fraud as will avoid a note is a question of law and questions of law are for the court and should not be submitted to the jury. Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Casey v. Bridge Co.,

114 Mo. App. 65; Barton v. Odessa, 109 Mo. App. 82; Albert v. Besel, 88 Mo. 150. (4) A party may request an instruction to meet the theory of the case contained in an erroneous instruction given for his adversary. A party need not prepare an instruction for his adversary, nor must he offer an instruction to cure an error in the instruction of his adversary. Dawson v. Wambles, 123 Mo. App. 346; Behen v. Transit Co., 186 Mo. 442; Muirhead v. Railroad, 19 Mo. App. 648. (5) Fraud, in a legal sense, consists of certain facts, which should be set forth in an instruction where fraud is an issue, the same as a pleading. In pleading fraud the facts must be stated. Reed v. Bott, 100 Mo. 62; Barrie v. Railway, 138 Mo. App. 646; Nichols v. Stevens, 123 Mo. 96; Williams v. Railroad, 112 Mo. 495; Mateer v. Railroad, 105 Mo. 320; Hoester v. Sammelman, 101 Mo. 624; Smith v. Simms, 77 Mo. 269. (6) After defendants made a prima facie case of fraud in the origin of the note and after plaintiff showed by his testimony, fair on its face and uncontradicted, that he bought the notes before maturity for value it was then incumbent on the defendants to show knowledge of the fraud on the part of the plaintiff. Reeves v. Letts, 143 Mo. App. 199; Hayes v. Blaker, 138 Mo. App. 29; Bank v. Leeper, 121 Mo. App. 694; Bank v. Skeen, 101 Mo. 689; Bank v. Hainline, 67 Mo. App. 483; Poindexter v. McDowell, 110 Mo. App. 233; Davis v. Bartlett, 112 Oh. St. 534, 80 Am. Dec. 379; Bank v. Burgwin, 110 N. C. 267, 14 S. E. 263. (7) Technical terms should not be used in instructions without definition. Com. Co. v. Hunter, 91 Mo. App. 337; Dry Goods Co. v. Schooley, 66 Mo. App. 415; Mfg. Co. v. Ball, 43 Mo. App. 510; Ins. Co. v. Digby, 3 Mo. App. 603; Clark v. Kitchen, 52 Mo. 316; Speak v. Dry Goods Co., 22 Mo. App. 122; Boogher v. Neece, 75 Mo. 386; Mason v. Stock Yards, 60 Mo. App. 100; Jordan v. Moulding Co., 72 Mo. App. 325.

*Dooley & Hiett* and *W. E. Barton* for respondents.

(1) Instruction 2 on the part of the respondent and complained of as error by the appellant correctly declares the law. Link v. Jackson, 139 S, W. 593; Henry v. Sneed, 99 Mo. 497; Bank v. Rominee, 136 Mo. App. 62. (2) Appellant is held in the appellate court to the theory on which he presents his case in the trial court. O'Rouke v. Railroad, 142 Mo. 352; Tetherow v. Railroad, 98 Mo. 85; Morgan v. Mulhall, 214 Mo. 464; Howard v. Union, 94 Mo. App. 452; Brick Co. v. Railroad, 213 Mo. 729; Baker v. Independence, 106 Mo. App. 512. (3) The court did not err in not defining the word "fraud" used in instructions on the part of the respondents. The word "fraud" is not a word having a technical meaning but is a word of daily use and a jury of ordinary intelligence would have no difficulty in understanding its meaning. Christian v. Ins. Co., 143 Mo. 467; Kischman v. Scott, 166 Mo. 228; Fearry v. O'Neal, 149 Mo. 475. (4) If the failure of the court to define the word "fraud" used in the defendant's instructions was error, still plaintiff cannot complain because his own instructions exhibit the same fault. State ex rel. v. Fidelity Co., 94 Mo. App. 196; Gordon v. Park, 219 Mo. 612; Rouke v. Railroad, 221 Mo. 62; Campbell v. Tinker, 137 Mo. App. 444; Tube Works v. Machine Co., 201 Mo. 64.

COX, J.—Action upon a promissory note executed by defendants to A. H. Willard and by him assigned to plaintiff. The defense was fraud in procuring the note and against that defense plaintiff asserted that he was an innocent holder for value without notice. The note was given in payment for an interest in a stallion by defendant Jackson and the fraud alleged in procuring the note consisted in representations that the horse was a sure foal getter, which defendants alleged was false, and that for the purpose of inducing

defendant Jackson and others to purchase an interest in the horse, Willard, the payee in the note, and his agents entered into a fraudulent scheme by which they pretended to have sold certain shares in the horse to certain men of wealth and influence in the community and had these men give to Willard their checks apparently in payment for these shares and then Willard and his agents exhibited these checks to defendant and others and represented that these men had purchased shares in the horse, which was not true, and that the checks were afterwards returned to their makers and never collected.     There was a trial by jury, judgment for defendants and plaintiff has appealed.     This is the second appeal in this case.     The first is reported in 158 Mo. App. 63, 139 S. W. 588, to which reference is made for a full statement of facts.

The errors assigned relate to giving and refusing instructions.     The refused instructions asked by plaintiff amounted to a peremptory direction to find for plaintiff and were based upon the premise that the proof did not show fraud in procuring the note or if there was fraud in the first instance there was no evidence that plaintiff had any knowledge thereof when he purchased the note.     These were properly refused as to the first proposition because there was abundant evidence of fraud in procuring the note.     They were also properly refused as to the second proposition because not properly declaring the law, for the reason that they impliedly placed the burden upon defendant to prove notice of the fraud on the part of plaintiff at the time he purchased the note.     If the note was procured by fraud, the burden was then upon plaintiff to show that he purchased it for value before maturity and without notice of the fraud as we held in this case on the former appeal.

The instructions given on behalf of defendant to which plaintiff objects are as follows:

No. 1. "The court instructs the jury that if you believe and find from the evidence that the note in suit was obtained from the defendant Jackson by fraud on the part of the said A. H. Willard and his agents, then the burden is on the plaintiff and he must show by the greater weight of the evidence that he bought said note before it was due, that he gave a valuable consideration therefor and that at the time he bought said note from the said Willard he had no actual knowledge of the fraud of the said A. H. Willard or his agents in procuring the said note from the said Jackson and that if the plaintiff has not made such proof by the greater weight of the evidence, then your verdict should be for the defendant."

No. 2. "The court instructs the jury that the words 'actual knowledge' as used in these instructions do not mean that the plaintiff must have known the truth of the fraud, if any, in procuring of the note in question from the defendant Jackson, in the sense which would enable him to testify to the facts of said fraud, if any, in this trial; but do mean that the plaintiff Link had such knowledge of said fraud, if any, as satisfies you that the said Link acted in the purchasing of said note in the belief, and not merely the suspicion, that said note, at the time he purchased the same, was procured by fraud."

No. 1 is assailed because the word fraud is not defined; that is, that the court should have told the jury what facts they would be required to find in order to find that the note was procured by fraud and not have left it to the jury to say what would constitute fraud. Generally speaking, plaintiffs' contention on this question is correct. A party basing an action or defense upon fraud cannot plead it in general terms but must allege the facts upon which he relies as constituting the fraud. He must then prove his case as he has pleaded it and the instructions should follow the proof. In this case, however, the evidence of fraud

was not contradicted, and if believed by the jury, is so conclusive that it is apparent that the jury could not have been misled by the instruction. Furthermore no instruction was asked by plaintiff which submitted the issue in any other form than that contained in defendant's instructions but the instructions asked by him and given, as well as those refused, were open to the same objection which he now makes against the instructions given in behalf of defendants and he therefore cannot now complain. [Gordon v. Park, 219 Mo. 600, 612, 117 S. W. 1163; Christian v. Insurance Co., 143 Mo. 460, 467, 45 S. W. 268; State ex rel. v. Fidelity Co., 94 Mo. App. 184, 196, 67 S. W. 958.]

The objection to instruction No. 2 for defendants is that "belief" and "knowledge" are not synonymous and no matter what plaintiff may have "believed" as to whether or not the note was procured by fraud, yet, if he did not have actual knowledge of it, he was not bound by it. If a fact exists and a party has such knowledge of it as to cause him to believe that it exists and he acts upon that belief, the result is the same as if he had actual knowledge of the fact and acted upon that. If the note in suit was procured by fraud and the plaintiff had such knowledge bearing upon that question as to cause him to believe that it was procured by fraud, then as far as his action in purchasing the note is concerned he knew that the note was procured by fraud. Belief is the conviction that arises in the mind as a result of knowledge of facts calculated to produce that conviction. If, as a matter of fact, the note was procured by fraud, then knowledge of facts bearing on that question which go no farther than to arouse suspicion are not sufficient, but when the impression made upon the mind by knowledge of facts relating to such fraud passes from the realm of suspicion and grows to belief, it then becomes knowledge. Knowledge of fraud to bind a party is knowledge of such facts as would cause a reasonably

Link v. Jackson.

prudent man to believe in the existence of the fraud, and if such facts were brought home to plaintiff in this case, he would be chargeable with knowledge whether he actually believed that the note was procured by fraud or not. If he actually believed in the existence of the fraud at the time he purchased the note, then it is immaterial how meager the facts may be which induced that belief. The evidence tending to show plaintiff's knowledge of the fraud was circumstantial and consisted of plaintiff's knowledge of the horse sold and his intimate association with Willard and in the fact that the note was endorsed "without recourse" and, in addition, it was shown that at one time, after defendant Jackson discovered the fraud, he went to Springfield to see Willard to try to get his note back and during the negotiations, plaintiff and Willard had a secret conversation together; and at the trial plaintiff testified that when he purchased the note he asked Willard why he endorsed it "without recourse" and Willard said he had a reason for it but refused to tell what it was. Since the burden was on plaintiff to show his want of knowledge of the fraud, and considering the peculiar condition of the testimony in this case, we think the instruction relating to plaintiff's knowledge of the fraud was warranted in this case, though we would say that, as a general rule, the better practice would be not to undertake to define the word "knowledge" in an instruction. Ordinarily the jury will need no assistance from the court in determining what the word "knowledge" means. Judgment affirmed. All concur.